UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JEREMY LEE SMALLWOOD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 25-068-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN DAVID PAUL, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Petitioner/inmate Jeremy Lee Smallwood is currently confined at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Proceeding without an attorney, Smallwood filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Having reviewed Smallwood's submission, his § 2241 petition will be dismissed without prejudice. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Prisoners are required to exhaust available administrative remedies within the Bureau of Prisons before filing a petition for a writ of habeas corpus. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Here, Smallwood concedes that he has not done so, as he is "waiting on [his] BP-11 to be sent back." [Record No. 1 at 7] *See also Smallwood v. Paul*, Lexington Civil Action No. 5: 25-016-KKC (Mar. 11, 2025) (defendant filed recent administrative grievance documents in recently-dismissed matter). As a result, Smallwood's petition will be dismissed without prejudice to his ability to refile a § 2241 petition after exhausting his administrative remedies.

- 1 -

The Court also notes that Smallwood's petition appears to be based on a claim that he is being held in the Special Housing Unit ("SHU") in retaliation for filing grievances, in violation of his rights under the First Amendment. If Smallwood seeks to challenge the conditions of his confinement through a civil rights action, he must: (1) complete the Court's approved E.D. Ky. 520 Civil Rights Complaint Form in its entirety, sign it, and file it with the Court; and (2) either pay the $405.00 in filing and administrative fees or move for leave to proceed *in forma pauperis* by completing and filing the AO 240 and E.D. Ky. 523 Forms.

However, if Smallwood wishes to challenge a decision or action that impacts the length of time he must stay in prison to satisfy his sentence, he may do so by filing a new § 2241 habeas action. To properly start such a case, Smallwood must complete the following two steps at the same time: (1) fill out the Court's approved E.D. Ky. 521 Form in its entirety, sign it, and file it with the Court; and (2) pay the $5.00 filing fee, move for leave to proceed *in forma pauperis* by completing and filing the AO 240 and E.D. Ky. 523 Forms, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee. Accordingly, it is hereby

**ORDERED** as follows:

1.      Smallwood's petition filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED**, without prejudice.

2.      The Clerk's Office is directed to send the following blank forms to Smallwood:

   a. an E.D. Ky. 521 Petition for a Writ of Habeas Corpus Under § 2241 Form;

   b. an E.D. Ky. 520 Civil Rights Complaint Form;

   c. an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs; and

d.  an E.D. Ky. 523 Certificate of Inmate Account Form.

4.     If Smallwood chooses to file a new civil action (that is, a habeas case or a civil rights case), he must do so properly by utilizing the corresponding Court-approved forms and proceeding with the instructions set forth above.

Dated: March 17, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky